IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA L. WALKER,                             )<br>                                                              )<br>                    Plaintiff,            )<br>                                                              )<br>vs.                                                        )    Case Number CIV-12-904-C<br>                                                              )<br>INDEPENDENT SCHOOL DISTRICT    )<br>NUMBER 1-8 of COMANCHE COUNTY, )<br>OKLAHOMA, a/k/a LAWTON PUBLIC  )<br>SCHOOLS; BARRY BEAUCHAMP,         )<br>individually; BARBARA ELLIS,              )<br>individually; and, BILLY DAVIS,           )<br>individually,                                         )<br>                                                              )<br>                    Defendants.       ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for Summary Judgment. Although the time to respond has passed, Plaintiff has neither filed a response nor sought additional time to respond. The Tenth Circuit has set forth the procedure to be followed in this circumstance:

> To summarize, a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).  Applying this standard and considering the well supported facts and arguments presented by Defendants, the Court finds Defendants are entitled to entry of judgment in their favor.

Plaintiff filed this action asserting claims for discrimination based on race, gender, age, and retaliation for engaging in activity protected by Title VII and the ADEA.  Plaintiff also raises a 42 U.S.C. § 1983 claim alleging retaliation for engaging in speech protected by the First Amendment.  Finally, Plaintiff brings state law based tort claims alleging tortious interference with contract, intentional infliction of emotional distress ("IIED") and breach of contract.

Defendants' brief and exhibits establish that many of the wrongs alleged by Plaintiff were previously asserted in a case filed in 2002.  As that case was settled and dismissed with prejudice, Plaintiff cannot pursue those claims now.  Further, Plaintiff appears to raise allegations in her Complaint that were not presented to the EEOC.  As Defendants correctly note, Plaintiff cannot pursue those claims.  Accordingly, the only valid Title VII or ADEA claim before the Court is Plaintiff assertion that she was demoted when her assignment was changed from Executive Director for Curriculum and Instruction (math) to Executive Director for Grants (technology).

Plaintiff's change in assignment did not result in a change of job location, pay or benefits.  Indeed, the undisputed evidence presented by Defendants establishes that none of the conditions of Plaintiff's employment were changed by the change in assignment.  The only difference  after the switch was that  Plaintiff was responsible for writing grant

applications, a task Plaintiff admitted in her deposition she had previously done successfully. Therefore, the Court finds the undisputed material facts establish that the change in assignment did not amount to an adverse employment action. Accordingly, Plaintiff cannot establish a prima facie case for violation of Title VII or the ADEA. <u>Sanchez v. Denver Pub. Sch.</u>, 164 F.3d 527, 531 (10th Cir. 1998) (recognizing an adverse employment action as an element of a prima facie Title VII and/or ADEA case).

In her § 1983 claim, Plaintiff alleges she was retaliated against for speaking out about test scores. However, the undisputed material facts presented by Defendants establish that Plaintiff's speech was pursuant to her official duties. Accordingly, Plaintiff cannot pursue her § 1983 claim. <u>See Brammer-Hoelter v. Twin Peaks Charter Acad.</u>, 492 F.3d 1192, 1202 (10th Cir. 2007) (quoting <u>Garcetti v. Ceballos</u>, 547 U.S. 410, 421-22 (2006) ("If the employee speaks pursuant to his official duties, then there is no constitutional protection because the restriction on speech 'simply reflects the exercise of employer control over what the employer itself has commissioned or created.'")).

Finally, Plaintiff's state law based tort/contract claims fail as the undisputed material facts demonstrate no interference with or breach of her contract. Plaintiff's contract clearly gives Defendants the authority to assign her to another position. Plaintiff's claim for IIED fails as the undisputed material facts demonstrate no outrageous conduct by any Defendant. <u>See Breeden v. League Servs. Corp.</u>, 1978 OK 27, ¶ 12, 575 P.2d 1374, 1377 (establishing Court as gate keeper to determine first whether the defendant's conduct was so extreme and outrageous as to permit recovery).

As set forth herein, the undisputed facts demonstrate Defendants are entitled to judgment. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 23) is GRANTED. In light of this determination, Defendants' Combined Motion to Prohibit Plaintiff From Calling Any Witnesses or Introducing Any Exhibits at Trial and for Monetary Sanctions (Dkt. No. 25) is STRICKEN as moot. A separate judgment will issue.

IT IS SO ORDERED this 10th day of July, 2013.

ROBIN J. CAUTHRON
United States District Judge